Below is the Order of the Court.

_____
**Brian D. Lynch**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br><br>TIMOTHY RICHARD SOUTH<br><br>                 Debtor. | Case No. 14-44275-BDL |
| TIMOTHY RICHARD SOUTH,<br><br>                 Plaintiff,<br><br>   v.<br><br>ASSET SYSTEMS, INC.,<br><br>                 Defendant. | Adversary No. 14-4282-BDL<br><br>**MEMORANDUM DECISION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT** |

      Defendant Asset Systems, Inc. and Debtor-Plaintiff Timothy South have cross moved for summary judgment [ECF Nos. 7,8] on Plaintiff's claim that funds which Asset Systems, Inc. ("Asset") garnished from his Bank of America bank account were a preferential transfer under 11 U.S.C. §547(b). The Court has jurisdiction over this matter as a core proceeding under 28 U.S.C. §157(b)(2)(f).

ORDER ON SUMMARY JUDGMENT - 1

The facts are undisputed. In April 2013, a default judgment was entered in favor of Asset against South and his wife in Cowlitz County Superior Court. Asset obtained issuance of a writ of garnishment to Bank of America, and the writ was served on Bank of America on May 2, 2014. Bank of America answered the writ on May 20, 2014 stating it held $6,220.28 in funds belonging to South. Bank of America's answer was not controverted. On June 4, 2014, Asset obtained a judgment and order to pay on the writ of garnishment. Asset received a check from the garnishee with the $6,220.28 in garnished funds on July 1, 2014. On August 1, 2014, South filed his Chapter 7 bankruptcy. There are 91 days from the date Bank of America was served with the writ (May 2, 2014) and when South filed his bankruptcy (August 1, 2014).

Asset admits that four of the five elements for avoidance of a preferential transfer under Section 547(b) are present.[1] There is no dispute that Asset is not an insider of South, so the question is whether a "transfer" took place on or within 90 days before the date of the filing of the petition. *See* 11 U.S.C. §547(b)(4).

"Transfer" for interests other than real property is defined by Section 547(e)(1)(B) as "perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." Asset contends that the "transfer" here took place on May 2, 2014 when it served the writ of garnishment on Bank of America and acquired a first position interest on the funds under Washington state law. South contends that a superior judgment lien could have been acquired after service of the writ, and a "transfer" did not take place until – alternatively - the judgment and order to pay were entered on June 4, 2014 or when the

---

[1] It is undisputed that a transfer was made "(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) while the debtor was insolvent" and "(5) that enables the creditor to receive more than such creditor would receive" otherwise in the chapter 7 case if the transfer had not been made.

ORDER ON SUMMARY JUDGMENT - 2

check was issued in July 2014. Both these dates are within the 90 days prior to the petition date.

The determination of when a writ of garnishment creates an interest in property is governed by state law. *Barnhill v. Johnson*, 503 U.S. 393, 397-398, 112 S. Ct. 1386, 1389 (1992)(federal law determines when and whether a transfer is made; state law defines what is an interest in property). Under R.C.W. 6.27.120, in Washington the effect of service of a writ of garnishment is that a garnishee may not "pay any debt owing to the defendant at the time of such service, or deliver, sell or transfer or recognize any sale or transfer of any personal property or effects belonging to the defendant in the garnishee's possession or under the garnishee's control." Any payment, delivery, sale or transfer of such funds or property under the garnishee's control at the time of service "shall be null and void and of no effect" up to the amount of the garnishor's demand. In *Hawley v. Isaacson*, 117 Wash. 197, 200, 200 P. 1109, 110 (Wash. 1921) the Washington Supreme Court held that, upon service of a writ of garnishment, a judgment creditor obtains "a prior right which cannot be defeated except by failing to obtain his judgment…the garnishee may not lawfully dispose of the thing garnished but must hold it subject to the order of the court. No person, by subsequent garnishment or proceeding, can acquire a right in the subject of the garnishment that is senior or prior to the rights of the first garnishor."

Citing the Washington statutes but no case law, South argues that several things can happen between the time of service of a writ and payment of garnished funds to prevent the funds from being paid over, such that service is not the "transfer" because another interest can intervene ahead of the garnishor. These include an answer controverting that there is property to be garnished or the failure to get a judgment on the writ. While both of those

ORDER ON SUMMARY JUDGMENT - 3

things can prevent actual payment (the first because there would be no funds to pay and the second for lack of an order to the garnishee), both serve to act as a release of the lien that attached upon service of the writ. *See, e.g.*, R.C.W. 6.27.160 (if a garnishor fails to contest a debtor's claim of exemption in funds, the garnishor must send an order "releasing" the garnished funds to the garnishee); R.C.W. 6.27.240 (if garnishee does not have any funds or property belonging to a defendant at time of service or if an answer controverting a writ is not itself controverted, a "garnishee shall stand discharged."); R.C.W. 6.27.310 (failure to get a judgment on the writ within a year after answer by the garnishee can result in dismissal" of the writ and discharge of the garnishee).

As the Court concludes that a transfer took place as of the date of service of the Writ of Garnishment on Bank of America, which undisputedly took place on May 2, 2014, and as that date is more than 90 days prior to the petition date, the Court GRANTS defendant Asset Systems, Inc.'s motion for summary judgment as to the claim under Section 547(b) and DENIES plaintiff Timothy South's cross motion for summary judgment.

/// END OF ORDER ///